**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC SEABASE,<br><br>            Petitioner,<br><br>  v.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>           Respondent. | No.   18-72113<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Federal Aviation Administration

Submitted March 3, 2020**
Phoenix, Arizona

Before: HAWKINS, OWENS, and BENNETT, Circuit Judges.

Eric Seabase petitions this court for review of the Federal Aviation

Administration's (FAA) denial of his request for a special issuance medical

certificate. As the parties are familiar with the facts, we do not recount them here.

We have jurisdiction pursuant to 49 U.S.C. § 46110(a). We deny the petition for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

We may set aside an agency's decision we find to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Morongo Band of Mission Indians v. FAA*, 161 F.3d 569, 573 (9th Cir. 1998). An agency action is valid if it "considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1093 (9th Cir. 2005) (citation omitted); *see also Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (an agency action is presumed to be valid if a "reasonable basis exists for its decision" (citation omitted)). The scope of review is narrow and deferential, and we consider "whether there has been a clear error of judgment." *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) (citation and internal quotation marks omitted).

Seabase argues that the FAA acted arbitrarily and capriciously by requesting additional medical documentation and evaluations regarding his anxiety and substance dependence prior to renewing his special issuance medical certificate. To qualify for a special issuance medical certificate, an applicant must show, "to the satisfaction of the Federal Air Surgeon," that they can complete their duties without endangering public safety. 14 C.F.R. § 67.401(a). The Federal Air Surgeon (FAS) has the authority to request additional information and may

2

condition any issuance "on the results of subsequent medical tests, examinations, or evaluations." *Id*. § 67.401(d)(2).

The FAA determined that Seabase's medical record demonstrated an "established history and clinical diagnosis of polysubstance dependence," was void of "any clinical evidence, satisfactory to the FAS, of recovery" or clinical stability, and showed a "clinical diagnosis of anxiety" treated with Celexa, a selective serotonin reuptake inhibitor (SSRI). The FAA requested additional information including: (1) the completion of psychiatric and psychological evaluations, (2) the completion of the SSRI clearance process, and (3) comprehensive medical records. Those requests were supported by the record, were neither arbitrary nor capricious, and fell well within the FAA's discretion. *See* 14 C.F.R. § 67.401(d)(2). Due to Seabase's continued refusal to comply with the FAA's requests, the FAA was without the clinical evidence of recovery and stability necessary to determine whether Seabase can perform the duties of a Third-Class Airman without endangering public safety. Therefore, the FAA articulated a rational connection between the facts and its decision to deny Seabase's application for a special issuance medical certificate – one that was not arbitrary, capricious, or an abuse of discretion. *See Ranchers*, 415 F.3d at 1093.

**DENIED.**